UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| BUHR BROTHERS, INC., a North Dakota Corporation, | * * * | CIV 12-3014-RAL |
| Plaintiff, | * * | OPINION AND ORDER DENYING DEFENDANT'S |
| vs. | * * | MOTION TO STRIKE EXPERT REPORT |
| DAVID JAMES MICHAELIS, | * * | |
| Defendant. | * | |

This case arises out of a motor vehicle accident that occurred on December 2, 2011, in Spink County, South Dakota. On that date, Defendant David Michaelis ("Michaelis") was driving a 1988 Ford F150 northbound on Highway 281, intending to make a left turn into a driveway. Traveling behind Michaelis's pickup was Phil Lewis Buhr, a driver for Plaintiff Buhr Brothers, Inc. ("Buhr Brothers"), driving a 2005 Kenworth semi-tractor with trailer. Michaelis slowed his pickup to make a left turn, but apparently did not signal a left turn. The driver for Buhr Brothers had pulled his vehicle into the passing lane and was in the process of passing the Michaelis pickup when it turned left. A collision resulted that caused considerable property damage, but fortunately little injury to either driver. Buhr Brothers, invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1) as a North Dakota corporation, sued South Dakota resident Michaelis in federal court for property damage, loss of profits, and replacement vehicle expenses allegedly exceeding $150,000. Doc. 1.

Consistent with the Order for Form 52 Report from the Court, the parties filed a Joint Form 52 Report from the parties' Rule 26(f) planning meeting. Doc. 8. The report, as well as Michaelis's answer, make clear that the primary issues in the case are whether the driver for Buhr Brothers was contributorily negligent and whether Buhr Brothers properly mitigated its claim of

damages. In addressing possible expert witnesses, the parties in the Joint Form 52 Report responded: "Unknown at this time, but likely not more than two (2) each, to include perhaps an accident reconstructionist and a damage witness." Doc. 8.

Following the Joint Form 52 Report, the Court issued a Rule 16 Scheduling Order on July 10, 2012. Doc. 10. The Rule 16 Scheduling Order set a deadline for the identity of and reports from retained experts under Rule 26(a)(2) of October 1, 2012, for Buhr Brothers, and of November 15, 2012, for Michaelis. Doc. 10. The Court set a discovery deadline of January 15, 2013, as well. Doc. 10.

Buhr Brothers did not disclose any expert reports by its deadline of October 1, 2012. On November 15, 2012, Michaelis disclosed Gene Barthel as its accident reconstruction expert and provided a lengthy report from Barthel. In a letter dated November 15, 2012, the attorney for Buhr Brothers requested available dates to depose Barthel and addressed issues with scheduling depositions of two other witnesses. The letter from the attorney for Buhr Brothers also stated: "I anticipate designation of a rebuttal expert in the near future." Doc. 13-1.

The Rule 16 Scheduling Order, Doc. 10, is silent on designation of rebuttal experts. Buhr Brothers amended its interrogatory answers on January 7, 2013, to disclose Daniel K. Lofgren, as a rebuttal accident reconstruction expert. On January 14, 2013, the day before the discovery deadline set in the Rule 16 Scheduling Order, Buhr Brothers received from Lofgren, and provided to counsel for Michaelis, Lofgren's accident reconstruction report.

Michaelis then filed Defendant's Motion to Strike, Doc. 11, seeking to strike Lofgren's expert report as untimely under Rule 26(a)(2) of the Federal Rules of Civil Procedure and the Court's Rule 16 Scheduling Order, or alternatively to limit Lofgren's testimony. Doc. 11; Doc. 12.

Buhr Brothers opposed the motion, Doc. 13, making certain contentions that Michaelis contested in his reply brief. Doc. 14.

The Court's Rule 16 Scheduling Order is not meant to displace the Federal Rules of Civil Procedure, unless the content of the scheduling order, which usually is based on the parties' Form 52 Report, directly conflicts with the Federal Rules of Civil Procedure. Most federal courts addressing the issue have concluded that, when a scheduling order is silent on the issue of designation of a rebuttal expert, the rebuttal expert is allowed based on Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure. See Mayou v. Ferguson, 544 F. Supp. 2d 899, 900-01 (D.S.D. 2008); SEC v. Badian, 06 Civ. 2621-LTS/DFE, 2009 WL 5178537, at *4 (S.D.N.Y. Dec. 23, 2009); Dixon v. Certainteed Corp., 168 F.R.D. 51, 53-54 (D. Kan. 1996) (holding that neither explicit language of Rule 26(a)(2)(D)(ii) nor its purpose requires that rebuttal experts be provided within 30 days of original disclosure when trial is more than 90 days away); but see Chamberlain v. Denny's, Inc., 206 F.R.D. 418, 421 (D.M.D. 2002).

Rule 26(a)(2)(D)(ii) provides that, absent a stipulation or court order, a party's expert disclosure "must be made . . . if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." The disclosure by Buhr Brothers of Lofgren as an expert came in interrogatory answers on January 7 and a formal report on January 14, 2013. For the disclosure of Lofgren as a rebuttal expert to have been timely under Rule 26(a)(2)(D)(ii), the disclosure should have come "within 30 days after the other party's disclosure." With Michaelis's expert disclosure having been made on November 15, 2012, the disclosure of any rebuttal expert by Buhr Brothers should have been made by December 17, 2012. Thus, the disclosure of the rebuttal

3

expert by Buhr Brothers came approximately four weeks after the 30-day deadline within Rule 26(a)(2)(D)(ii).

Courts within the Eighth Circuit apply a four-factor approach to determine whether to exclude witnesses not disclosed in a timely manner. See Boone v. Moore, 980 F.2d 539, 541 (8th Cir. 1992); Patterson v. F.W. Woolworth Co., 786 F.2d 874, 879 (8th Cir. 1986); Murphy v. Kmart Corp., CIV 07-5080-KES, 2009 WL 1617477 (D.S.D. June 9, 2009); Jochims v. Isuzu Motors, Ltd., 144 F.R.D. 350, 353 (S.D. Iowa 1992). Those factors are the reason for failing to timely disclose the witness, the importance of the witness's testimony, the opposing party's need for time to prepare for the testimony, and whether a continuance would be useful. Patterson, 786 F.2d at 879.

Buhr Brothers contends that the disclosure of its rebuttal expert was delayed because Michaelis did not make available his expert, Gene Barthel, due to scheduling issues and because there were other issues that delayed scheduling depositions of fact witnesses. Lofgren's proposed testimony is important in rebutting testimony of Barthel, whose report appears to spread blame to the driver of Buhr Brothers. The disclosure of Lofgren's report on the day before the discovery deadline deprives Michaelis of an opportunity to depose Lofgren, unless the Court enlarges the discovery deadline. Although a discovery and motion deadline have been set and have passed, there is no trial date presently set. The Court is concerned about timely progression of cases, but this case was filed approximately one year ago and a brief delay in the setting of the trial date would appear not to substantially prejudice either party.

Ultimately, a court has broad discretion to determine what remedy or sanction ought to apply here. See Wegener v. Johnson, 527 F.3d 687, 690 (8th Cir. 2008); Trost v. Trek Bicycle Corp, 162 F.3d 1004, 1008 (8th Cir. 1998). Considering all of the circumstances of this case,

4

striking the designation of Lofgren as a rebuttal witness and foreclosing Lofgren from testifying at trial is too harsh a remedy for a disclosure made approximately four weeks too late. After all, there were some issues encountered in that time frame with scheduling of witnesses for depositions and counsel for Buhr Brothers advised immediately upon receiving Michaelis's expert report that "I anticipate designation of a rebuttal expert in the near future."

Michaelis has requested, in the alternative, that, if the Court is not going to strike the expert report, additional time be allowed for possible designation of further experts and the discovery deadline be extended. Michaelis further requests time after deposing Lofgren to consider the filing of a motion under Daubert and other possible motions in limine. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). The Court has a motion hearing set for April 15, 2013, in this case and will discuss with counsel at that time the appropriate extension of time to be provided to Michaelis to disclose any additional witness and for the parties to complete discovery.

Michaelis also requests that Lofgren's testimony be limited to the scope of rebutting the testimony of Michaelis's expert Barthel. Lofgren indeed is a rebuttal expert; that is, "an expert witness necessary to refute the disclosed opinions of [an opposing party's] expert witness." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006) (internal citations omitted). "The function of rebuttal [testimony] is to explain, repel, counteract or disprove evidence of the adverse party." United States v. Lamoreaux, 422 F.3d 750, 755 (8th Cir. 2005). "As such, rebuttal evidence may be used to challenge the evidence or theory of an opponent—and not to establish a case-in-chief." Marmo, 457 F.3d at 759.

There are portions of the Lofgren report that may be beyond what Barthel's testimony may be. Both Barthel and Lofgren are accident reconstruction experts. Lofgren's report reads

principally as a critique of the findings of Barthel. However, Michaelis points to certain information within Lofgren's report that may go beyond rebuttal of the opinions of Barthel. Not having heard the testimony of Barthel, but simply having read his report, the Court is uncomfortable ruling at this time as to what testimony would and would not be admissible from Lofgren as rebuttal expert testimony. However, at trial, Lofgren's testimony is to be limited to rebuttal of Barthel's opinions, and not to establishing the case-in-chief of Buhr Brothers. See Marmo, 457 F.3d at 759.

For the reasons explained above, it is hereby

ORDERED that Defendant's Motion to Strike Expert Report, Doc. 11, is denied. It is further

ORDERED that at the status conference of April 15, 2013, set for 3:00 p.m., at the United States Courthouse, in Pierre, South Dakota, counsel be prepared to address how much additional time Michaelis needs to evaluate possible surrebuttal expert testimony and a possible Daubert motion, how much time counsel need to complete discovery in light of the Court's ruling, and what trial date then should be set.

Dated April 11, 2013.

BY THE COURT:

*[signature]*

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE